SUCESORES DE ALEJANDRO ALFONSO, *S. en C.,* Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 1098. Submitted January 13, 1942.—Decided January 23, 1942.

*Luis López de Victoria* and *Adrián Alfonso Muñiz* for appellant. The registrar appeared by brief.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Alejandro Alfonso Bonilla, a merchant and resident of Yauco, and married to Rosa Ramírez, died intestate in that city on November 4, 1938, leaving three legitimate children and five natural acknowledged children. His estate included a commercial establishment devoted to the grocery business

and valued at $16,444.57, which was awarded in its entirety to his children with the exception of a share allotted to his widow, valued at $2,831.29, which was precisely the amount of a debt that she had contracted with said establishment. In order to continue the business in which their father had been engaged, all his children appeared before Notary Luis López de Victoria and, by a deed No. 48 of March 31, 1941, constituted among themselves a mercantile limited partnership (*sociedad en comandita*) which had only one managing partner, Adrián Alfonso Muñiz, the remaining members thereof being special partners. As Ana Hilda Alfonso Ramírez, a legitimated daughter, and Arnaldo Alfonso Rodríguez, an acknowledged natural son, were minors, they were represented in the deed by their respective mothers with *patria potestas,* Rosa Ramírez and Francisca Rodríguez.

In the same deed Rosa Ramírez assigned to the partnership, in satisfaction of her above-mentioned debt, her share amounting to $2,831.29, and her interest in the said establishment thus became extinguished.

Upon the partnership deed being presented for record in the Mercantile Registry of San Germán, the record thereof was denied on the grounds set forth in the following decision:

"Record is denied of the foregoing instrument after examining another document submitted, because it is noted that Ana Hilda Alfonso Ramírez and Arnaldo Alfonso Rodríguez, minors and special partners in the organized partnership, have not been sufficiently represented in the deed in accordance with the law, since the parental authority (*patria potestas*) that their respective mothers exercised in carrying out on behalf of said minors these transactions, which exceeded the sum of $500, went beyond the limits of the powers granted by Section 159 of the Revised Civil Code, 1930 ed., both as to the creation of the partnership itself, to which personal property owned by the minors and exceeding that sum, has been contributed, and as to the alienation provided for in the 12th clause of the deed; and, further, because of the existence of certain incompatibility affecting the contracting party Rosa Ramírez, who appears on the one hand, in her own behalf, as contributing property owned

by her to the partnership and on the other, in her capacity as mother with *patria potestas,* as contributing property which belongs to her minor daughter above mentioned; all this in contravention of the provisions of Section 5 of the Code of Commerce of Puerto Rico, respecting the cases of incompatibility..."

■ The first question to be decided in this appeal is whether or not it was necessary for the validity of the contract of partnership that judicial authorization should have been obtained by the mothers of said minors to execute the contract in question on behalf and in the names of their above-named children. The appellant maintains that it was not necessary, and invokes in its favor the case of *Vidal* v. *Rodríguez et al.,* 34 P.R.R. 366. The registrar asserts the contrary and relies on the holding of this court in the case of *García et al.* v. *Registrar,* 35 P.R.R. 953.

It is true that in the case of *Vidal* v. *Rodríguez et al., supra,* cited by the appellant, in construing Section 5 of the Code of Commerce, it was said:

"When the person who is to continue the business of the father of the minors is a tutor he can not do so without authorization of court, because both the Spanish Civil Code subsequent to the Code of Commerce, which was in force in this Island until 1902, and the Civil Code of Porto Rico, in force since that year, provide in sections 269 and 282, respectively, that the tutor must have authorization of court in order to continue the business or industry carried on by the incapacitated person or his ascendants or those of the minor; but there is no provision in our laws requiring that in such cases the mother must obtain authorization of court, and, therefore, we can not impose that duty upon the mother with *patria potestas,* for this being general, it has no other limitations than those expressly imposed by law, and although it is true that neither the father nor the mother can encumber or alienate properties of their minor children except by reason of necessity and utility, this prohibition does not cover the continuation of a business of the father, although their properties be subject to the result of the business or industry so continued."

However, upon a slight examination of the facts involved in the above-cited case it will be seen that the doctrine there

laid down can not be applied to the case at bar. In the cited case the mother with *patria potestas* confined herself to the continuation of the business in which the decedent had been engaged. She did not carry out any act of alienation for which judicial authorization was required. In the case at bar, on the contrary, there was entered into, on behalf of the minors, a contract of mercantile partnership, that is, there was created an artificial person distinct from its partners to which each of the latter assigned his or her contribution. In other words, there was performed an act of alienation on the part of each partner in favor of the partnership (*Hongkong & Shanghai Banking Corporation* v. *Aldecoa & Co. et al.,* 30 Phil. Rep. 255, 280), and as the value of the contribution of each minor exceeded $500, for the validity of the contract it was necessary to comply with the provisions of Section 159 of the Civil Code, 1930 ed., which prescribes that the exercise of the *patria potestas* does not authorize the father or the mother to alienate or encumber real property of any class whatever or personal property the value of which exceeds $500 which may belong to the child and which may be under the administration of the parents, without previous judicial authorization.

Although the facts in the case of *García et al.* v. *Registrar, supra,* are not identical with those herein, the legal principle involved in both cases is the same. There the mercantile partnership of which the deceased father had been a member was dissolved in order to constitute a new partnership which included the minors as members, and it was held that a previous judicial authorization was necessary in order to enter into the new contract of partnership since said contract involved an act of alienation.

The 12th clause of the deed to which the decision of the registrar refers says:

"TWELFTH.—Any special partner, on the demand of the managing partner Don Adrián Alfonso Muñiz, shall be bound to sell to the latter the former's share in the partnership whenever said Don

784

Adrián Alfonso Muñiz should desire to purchase the said share, for a price amounting to the capital contributed by the special partner from whom Don Adrián Alfonso Muñiz may desire to purchase, with interest at the legal rate on said capital for such period as shall have elapsed from the present date to the time of such sale; but after the taking of the semi-annual balance of accounts there shall be considered as the selling price the amount which, according to said balance, represents the share of each special partner, subject to the approval of the special partners or of friendly adjusters chosen by said special partners.''

The mere statement of the above-transcribed clause clearly shows that it was sought thereby to contract for the sale of the minors' shares, valued at more than $500 each, without a previous judicial authorization, which is contrary to law, as the exercise of the *patria potestas* does not authorize parents to alienate personal property the value of which exceeds -$500 without such judicial authorization.

█ The first and second grounds of the decision of the registrar are well founded. It is not so as to the third, because since the share of Rosa Ramírez in the establishment was absolutely equal in amount to the debt which she owed to the same, and since such share had become extinguished upon the assignment in payment made by her, she could have no interest adverse to that of her minor daughter which would preclude her from representing the latter in the contract of partnership.

For the reasons stated the decision appealed from must be sustained as to the first and second grounds set forth therein.